IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK M. TORRENCE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RAYMOND J. SOBINA, *et al.* | : | NO.   07-3620 |

**REPORT AND RECOMMENDATION**

CAROL SANDRA MOORE WELLS                                            February 26, 2008
UNITED STATES MAGISTRATE JUDGE

Presently before this court is a *pro se* Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. Frederick M. Torrence ("Petitioner"), currently incarcerated at the State Correctional Institution-Forrest in Marienville, Pennsylvania, seeks habeas relief based on claims that: (1) the Pennsylvania Department of Corrections illegally extended his maximum sentence date beyond the sixteen years imposed by the sentencing court; and (2) the Pennsylvania Board of Probation and Parole ("Parole Board") illegally failed to give him notice of his right to appeal its May 7, 2007 decision to deny him parole. The Honorable James T. Giles referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Petitioner's habeas claim one be DISMISSED and claim two be DENIED, without a hearing.

### I.  BACKGROUND AND PROCEDURAL HISTORY[1]

Petitioner has a long criminal history which must be reviewed in order to understand his claims. After his first relevant conviction, on January 2, 1985, Petitioner was sentenced to an aggregate term of three and one-half to ten years; his maximum release date was March 25, 1993.

---
[1] The facts set forth in this background and procedural history were gleaned from Petitioner's Habeas Corpus Petition ("Pet.") and the Commonwealth's Answer ("Ans."), inclusive of all exhibits thereto.

Ans. at 1-2, Ex. R-1.  When, on April 8, 1988, the Parole Board granted Petitioner parole, his maximum date remained March 25, 1993.  Ans. at 2; Ex. R-3.

While on parole, on November 22, 1988, Petitioner was arrested on new criminal charges.[2] Ans. at 2; Ex. R-4.  On January 23, 1989, the Parole Board declared Petitioner delinquent, effective November 23, 1988.  Ans. at 2; Ex. R-5.  On December 1, 1989 and April 10, 1990, Petitioner was arrested on additional criminal charges.  Ans. at 2, 4; Ex. R-7,  R-15.  On June 7, 1991, Petitioner was convicted on the April 1990 charges; on May 7, 1992, he was sentenced to an aggregate term of eight to sixteen years of incarceration.  Ans. at 3; Ex. R-12.  On May 16, 1994, Petitioner pled *nolo contendere* to the December 1989 charges.  Ans. at 5; Ex. R-17.  Accordingly, on May 17, 1994, he was sentenced to seven and one-half to fifteen years, to be served concurrently with his sentence for the April 1990 charges.  Ex. R-17.

On September 25, 1995, the Parole Board recommitted Petitioner as a technical and convicted parole violator.  Ans. at 5; R-18.  The Parole Board adjusted the maximum incarceration date for Petitioner's January 1985 conviction to March 23, 1997.  *Id.*  Upon expiration of that sentence, Petitioner would serve his new sentences.  Ans. at 6.

On July 14, 2004, the Parole Board decided Petitioner could be re-paroled; he was released on September 16, 2003.  Ans. at 6; Ex. R-22, R-23.  His maximum incarceration date for the eight to sixteen year sentence was adjusted to March 26, 2011.  Ex. R-22, R-23.  On August 19, 2004, the Parole Board declared Petitioner delinquent, Ans. at 6; Ex. R-24, and, on September 14, 2005, it ordered Petitioner to serve twelve months of backtime, thus extending  his maximum release date to October 28, 2011.  Ans. at 6-7; Ex. R-26, R-27.  Petitioner filed an administrative appeal of this

---

[2]These charges were ultimately withdrawn by the prosecution for lack of evidence. Ans. at 2 n.1; Ex. R-6.

-2-

decision as well as a request for change of venue. Ans. at 7; Ex. R-28, R-29. The Parole Board's Secretary affirmed the Parole Board's decision on December 19, 2005. Ans. at 7; Ex. R-30. Petitioner took no further action with respect to this decision.

On April 26, 2006, the Parole Board, again, denied Petitioner parole. Ans. at 7; Ex. R-31. On October 20, 2006, he filed a habeas corpus petition in the Commonwealth Court, Ans. at 7; R-32; this pleading was dismissed for lack of original jurisdiction. Ans. at 8; Ex. R-33. On May 7, 2007, the Parole Board refused Petitioner parole and stated that he should serve his new maximum sentence, which would expire on October 28, 2011. Ans. at 8; Ex. R-34

Petitioner filed this petition on August 23, 2007,[3] raising two claims: (1) the Parole Board[4] illegally extended his maximum sentence run date beyond the initial sixteen year sentence; and (2) the Parole Board illegally failed to inform him of his right to appeal its May 7, 2007 denial of parole. Pet. at 9 (reverse). The Commonwealth responded that Petitioner's first claim is time-barred and his second claim lacks merit. As explained below, the court agrees.

## II.  DISCUSSION

**A.      Claim One- Illegal Extension of Petitioner's  Maximum Sentence - is Time-Barred**

**1.      The AEDPA Statute of Limitations**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, imposes a one year period of limitations for habeas corpus petitions. The time period begins to run from the latest of the following:

---

[3] The Clerk of Court docketed the original, hand-written, habeas petition on August 30, 2007. However, Petitioner is a *pro se* inmate, so his petition must be deemed filed on the date he gave it to prison officials for mailing. *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Petitioner signed the original habeas petition on August 23, 2007. Original Pet. at 8. Absent any evidence to the contrary, the court will resume this earlier date to be the filing date.

[4] The Petitioner maintains that the Pennsylvania Department of Corrections extended his maximum sentence, *see* Pet. at 9 (reverse), but, as the procedural history has described, it is actually the Parole Board that did so. Therefore, the court has substituted the Parole Board for the Department of Corrections.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The Third Circuit has held that the starting date for the habeas period of limitations must be determined for each cognizable claim contained in the petition. *See Fiedler v. Varner*, 379 F.3d 113, 117-18 (3d Cir. 2004). Administrative decisions regarding parole are subject to the AEDPA period of limitations. *Cf. McAleese v. Brennan*, 483 F.3d 206, 213 n.9 (3d Cir. 2007) (noting that the majority of circuit courts have held that habeas challenges to administrative decisions regarding parole are subject to the AEDPA period of limitations).

Pursuant to 28 U.S.C. § 2244(d)(1)(D), Petitioner's AEDPA year within which to file his first claim commenced July 14, 2003, the date the Parole Board first extended the maximum date for the sentences he is currently serving.[5] *See* Ex. R-22, R-23. His habeas petition was filed four years later; therefore, absent statutory or equitable tolling, Petitioner's first claim must be dismissed as untimely. Even if the court were to consider the Parole Board's September 14, 2005 decision (which set Petitioner's maximum release date to its current October 28, 2011) as the starting date under § 2244(d)(1)(D), this petition was still filed more than a year later.

---

[5]Petitioner's claim does not implicate any of the alternative AEDPA starting dates.

### 2.     Statutory and Equitable Tolling

Now that the starting date for Petitioner's claim has been determined, the court must consider statutory and equitable tolling of the habeas period of limitations. Statutory tolling provisions state that: "[t]he time that a properly filed application for state post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). A properly filed application for state collateral relief is one submitted in compliance with the applicable rules governing filings such as the form of the document, the time limits on filing, the court and office in which it must be filed and the requisite filing fees.[6] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Answering a question left open in *Artuz*, the United States Supreme Court has explained that, despite exceptions to the timely filing requirement, an untimely PCRA[7] petition is not "properly filed" and cannot statutorily toll the federal habeas period of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005).

Equitable tolling is available only when "the principle of equity would make the rigid application of a limitation period unfair." *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (internal quotations omitted). The general requirements for equitable tolling are: (1) the existence of extraordinary circumstances which have prevented Petitioner from asserting his rights, and (2) Petitioner's reasonable diligence in investigating and bringing his claims. *Id.*

### a.     Statutory Tolling

Petitioner filed no state post-conviction or other collateral challenge to the Parole Board's July 14, 2003 decision, thus, no statutory tolling can apply to this decision. Petitioner's

---

[6] The Supreme Court initially declined to decide whether the existence of exceptions to a timely filing requirement can prevent a late application from being considered improperly filed. *Artuz*, 531 U.S. at 8 n.2. The Court subsequently decided the question in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

[7] "PCRA" refers to Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541-46.

administrative appeal of the Parole Board's September 14, 2005 decision was completed on April 26, 2006, when the Parole Board's Secretary affirmed the Parol Board's decision. Assuming, *ad arguendo*, that this administrative appeal tolled the AEDPA year, Petitioner, nevertheless, filed the instant habeas petition more than one year after cessation of this administrative appeal. Thus, absent equitable tolling, his first claim should be dismissed as untimely.

### b. Equitable Tolling

Petitioner has failed to provide any explanation concerning equitable tolling. That is, he has not identified any extraordinary circumstance which caused him to delay filing his habeas petition until after the expiration of the AEDPA year. Since he is not a capital defendant, the failure to demonstrate extraordinary circumstances is alone sufficient to disqualify Petitioner from equitable tolling. *See Merritt*, 326 F.3d at 169-70. Moreover, Petitioner has not demonstrated reasonable diligence in filing his habeas petition. Hence, equitable tolling is unavailable to save his untimely first habeas claim.

### B.   Claim Two- Lack of Notice Concerning May 7, 2007  Parole Denial  - Lacks Merit

Petitioner asserts that he has a right under federal law to notice of his right to appeal the denial of parole. The court finds this claim lacks merit because neither federal nor state law provide him the right to appeal the denial of parole. First, there is no federal constitutional right to direct appeal of a criminal conviction, *see Ross v. Moffitt*, 417 U.S. 600, 611 (1974) (citing *McKane v. Durston*, 153 U.S. 684 (1894)), *a fortiori*, the court declines to find a federal constitutional right to appeal the denial of parole. Second, it has been held that Pennsylvania law does not provide the right to appeal the denial of parole (as opposed to the revocation of parole). *See Walls v. Attorney General of Pennsylvania*, Civ. A. No. 06-1598, 2007 WL 4190790, *6 (W.D. Pa. Nov. 26, 2007); *Rodgers*

*v. Parole Agent SCI-Frackville, Wech*, 916 F. Supp. 474, 477-78 (E.D. Pa. 1996). Accordingly, Petitioner's second claim lacks merit.

### III.  CONCLUSION

Petitioner's first claim is time-barred and the second lacks merit.  Reasonable jurists would not debate the appropriateness of the court's procedural or substantive disposition of his claims; therefore, a certificate of appealability should not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, I make the following:

### **RECOMMENDATION**

AND NOW, this 26th day of February, 2008, for the reasons contained in the preceding Report, it is hereby RECOMMENDED that Petitioner's first claim be DISMISSED and his second claim be DENIED, without an evidentiary hearing.  Petitioner has neither demonstrated that any reasonable jurist could find this court's procedural or substantive rulings debatable, nor shown denial of any Constitutional right; hence, there is no probable cause to issue a certificate of appealability. Petitioner may file objections to this Report and Recommendation within ten (10) days of being served with a copy of it.  *See* Local R. Civ. P. 72.1(IV).  Failure to file timely objections may constitute a waiver of any appellate rights.

It be so **ORDERED**.

                                             */s/ Carol Sandra Moore Wells*
                                             CAROL SANDRA MOORE WELLS
                                             UNITED STATES MAGISTRATE JUDGE